[Crim. No. 538.   First Appellate District.—November 10, 1914.]

## THE PEOPLE, Respondent, v. JOHN C. SIMONS, Appellant.

CRIMINAL LAW—WEIGHT OF EVIDENCE—REMOTENESS—ADMISSIBILITY.— Remoteness may affect the weight of evidence, but it does not ordinarily affect its admissibility.

ID.—EVIDENCE—MOTIVE—IDENTITY.—In a prosecution for a crime motive may be shown where there is any doubt about the identity of the perpetrator of the offense, and may be shown generally, although not necessary in every case.

ID.—ASSAULT WITH INTENT TO MURDER—MOTIVE—ADMISSIBILITY OF EVIDENCE.—In this prosecution for an assault with intent to commit murder it is held that if there was a likelihood that the complaining witness was in any way an obstacle to the sexual gratification of the defendant, that fact might be a motive for the assault upon the complaining witness, and the evidence upon that subject was properly admitted for that purpose and also for the purpose of clearing up any doubt there might have been as to the identification of the person guilty of the assault.

ID.—ALLEGED MISCONDUCT OF DISTRICT ATTORNEY—CROSS-EXAMINATION OF DEFENDANT.—It is held in this action that there was no misconduct on the part of the district attorney sufficient to warrant particular mention, and that the cross-examination of the defendant was legitimate and within the rule.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. William H. Waste, Judge.

The facts are stated in the opinion of the court.

A. L. Frick, and Gehring & Wyman, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—In this case an appeal is taken from the judgment of conviction and from the order denying defendant's motion for a new trial. The points made in support of the appeal are that certain evidence introduced by the prosecution for the purpose of showing the motive of the defendant for the commission of the crime was too remote; that the

district attorney was guilty of misconduct in his argument to the jury; and that too wide a latitude was allowed in the cross-examination of the defendant. Remoteness may affect the weight of evidence; but it does not ordinarily affect its admissibility.

We are satisfied that the evidence complained of was admissible under the general rule that motive may be shown where there is any doubt about the identity of the perpetrator of the offense; or that motive may be shown generally, although not necessary to be shown in every case. In the present case, if there was a likelihood that the complaining witness was in any way an obstacle to the sexual gratification of the defendant, that might be a motive for assaulting the complaining witness with the intent to murder him. If that be so, the testimony assigned as erroneously admitted was proper for the purpose of showing motive, and also for the purpose of clearing up any doubt there might have been as to the identification of the person guilty of the assault.

We do not think there was any misconduct on the part of the district attorney sufficient to warrant particular mention. As to the cross-examination of the defendant, we are satisfied it was legitimate and within the rule.

The judgment and order appealed from are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on December 10, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on January 7, 1915.